IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY BINDER,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | **NO. 09-119** |
| | : | |
| **MICHAEL T. KENDERSKI, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                            September 4, 2009

*Pro se* plaintiff Shirley Binder alleges she was injured and suffered a violation of her civil rights when Allentown Police Officer Michael Kenderski arrested her for driving under the influence. Based on this event, Binder filed a complaint containing claims of false imprisonment and unreasonable seizure against Kenderski and the City of Allentown (City). The City filed a motion to dismiss (Document #7) the counts brought against it. For the following reasons, I will grant the motion.

**I. Background**[1]

On or about January 11, 2007, Officer Kenderski was on-duty when he responded to an emergency call from a 7-11 convenience store on South Fourth Street in Allentown, Pennsylvania. (Compl. ¶ 6.) Upon arriving the scene, Officer Kenderski found Shirley Binder who was complaining of being assaulted by a patron at another establishment on Fourth Street. (Id.) Binder alleges she had a two inch laceration above her left eye and

---

[1] For the purposes of this motion, I have accepted as true the allegations in the Complaint.

had fresh blood on her hands, face and clothes.  (Id.)

Kenderski allegedly ignored these potential signs on injury and asked whether Binder had been consuming alcohol.  (Id.)  He did not call emergency services or attempt to apprehend the alleged assaulter.  (Id.)  Instead, he left Binder at the scene and told her not to drive home.  (Id.)

After waiting for ten minutes, Binder decided to drive to her residence at 628 Skyline Drive in Allentown.  (Id.)  Officer Kenderski was waiting for her in the parking lot.  (Id.)  When Binder exited her vehicle, Kenderski exited his and immediately arrested her for driving under the influence.  (Id.)  Binder spent one night in the Lehigh County Prison.  (Id.)

Binder was charged with driving under the influence and public drunkenness.  (Id. ¶ 7.) These charges were later withdrawn at the preliminary hearing.  (Id. ¶ 8.)  Because Binder had refused to submit to chemical testing of blood alcohol concentration, her driver's license was suspended in accordance with Pennsylvania law.  (Id. ¶ 9.)

Binder filed her complaint on January 9, 2009, and it contains four counts: (I) false imprisonment against Officer Kenderski; (II) Section 1983 claim against Kenderski; (III) *respondeat superior* claim against the City; and (IV) a non-specific claim brought against any other individuals who played a role in the events in question and whose identities are currently unknown.  (Id. ¶¶ 25–45.)  The City of Allentown filed the instant motion to dismiss (Document #7) on March 4, 2009.

Binder is proceeding *pro se*. On April 29, 2009, the court held a telephonic status conference with the plaintiff and counsel to discuss the request to withdraw submitted by Scott M. Wilhelm, Esquire, counsel for the plaintiff. A follow-up conference was scheduled for June 15, 2009, to discuss the request to withdraw; Binder was told there was a possibility she would be required to proceed *pro se*, if she was unable to retain new counsel by that date.

During the June 15, 2009 conference, Binder informed the court she had not yet acquired new counsel. Upon consideration of this information and Mr. Wilhelm's formal motion to withdraw, the court granted the motion and stated that Binder would be considered to be proceeding *pro se*. On June 18, 2009, Ms. Binder was directed to respond to the pending motion by July 15, 2009, the response already being more than ninety days late. As of this date, no response was filed.

**II. Standard of review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. <u>Bell Atlantic Corp. v. Twombly</u>, 550 US 544, 127 S.Ct. 1955, 1965 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id. See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 127 S.Ct. at 1969. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965)).

**III. Discussion**

**A. Claims against Officer Kenderski in his official capacity**

I will dismiss the Section 1983 claim contained in Count II, which is brought against Officer Kenderski in his official capacity. A state officer acting in his official

capacity is not a "person" under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Suits against state officers in their official capacity are "only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1992)). Under this standard, the claims against Officer Kenderski in his official capacity are redundant in light of the claims against the City, and Count II will be dismissed.

### B. *Respondeat superiour* claim against the City of Allentown

I will dismissCount III because it states no viable claim against the City. As stated, Count III seeks to impose liability based on *respondeat superiour*. It is not clear whether Binder is proceeding under federal or state law. Mindful of the plaintiff's *pro se* status and in the interests of completeness, I will consider both avenues.

#### 1. Liability under Section 1983

To the extent Count III alleges municipal liability under Section 1983, I recommend dismissing the claim. Municipalities and other government bodies may be sued under Section 1983. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1992). One of the clearest restrictions is that liability may not be imposed solely on a *respondeat superior* theory. Monell, 436 U.S. at 692. This is exactly what the plaintiff has attempted to do, and it is unequivocally clear such a theory of action is impermissible for Section 1983 liability. See, e.g., Phillips, 515 F.3d at 230 n.1; Sanford

v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006).

### 2. Liability under state law

In the alternative, Count III may be based on state tort law. Even under this theory, the claim fails because it is barred by the Pennsylvania Subdivision Tort Claims Act (PSTCA) The PSTCA provides legal immunity for government bodies and their employees unless their actions fall within certain enumerated exceptions. See 42 Pa. Con. Stat. Ann. § 8541 (immunizing government agencies from liability for damages caused by any act by the agency or an agency employee, subject to the exceptions); § 8545 (providing conditional legal immunity to agency employees for any injuries caused by conduct taken within the scope of employment).

A government body's immunity is subject to the exceptions provided in 42 Pa. Con. Stat. Ann. § 8542(a), which reads:

> A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or

> conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

Subsection (b) provides eight specifically designated exceptions. They are : (1) vehicle liability, (2) care, custody, or control of personal property, (3) real property, (4) trees, traffic controls, and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody, and control of animals. Id. § 8542(b). Therefore, the agency may be subjected to liability only if the conduct giving rise to the action can be attributed to it or one of its employees, was the product of negligence, and falls within one of the eight exceptions.

The claim fails to meet these requirements. First, there is no allegation Officer Kenderski's conduct was negligent. The actionable, underlying conduct complained of is false imprisonment, an intentional tort falling outside the realm of negligent conduct. See, e.g., Reiff v. Marks, 2009 WL 2058589, at *4 (E.D. Pa. July 15, 2009) (dismissing *respondeat superiour* claims against the Borough of West Reading based on assault and false imprisonment claims against a borough officer); Walker v. N. Wales Borough, 395 F. Supp. 2d 219, 230 n.5 (E.D. Pa. 2005) (dismissing claims against the municipal defendant where the underlying claims were only for intentional torts such as assault, battery, false imprisonment, and false arrest). As Binder's claim against Kenderski is for an intentional tort alone without any additional arguments or facts suggesting negligence, her claim against the City fails.

Second, the claim does not fall into any of the enumerated eight exceptions

provided in § 8542(b). Binder has presented no argument on this point. Even when reading the complaint as expansively as possible, Kenderski's conduct does not fit into any of those exceptions. Absent allegations Kenderski's conduct was negligent and fell within the § 8542(b) exceptions, I will dismiss this claim against the City.

### C. Remaining claims against Claims against John Doe defendants

Finally, Counts I and IV will be dismissed for lack of subject matter jurisdiction. Count I is a state law claim for false imprisonment, which was brought pursuant to the statutory grant of supplemental jurisdiction under 28 U.S.C. § 1367.[2] Subsection (c) of that statute grants the district court discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Because the count that had provided the underlying original jurisdiction for this supplemental claim has been dismissed, I decline to exercise jurisdiction over Count I.

Count IV is of no jurisdictional assistance either. It raises no specific claim and is expansively brought against "corporations, partnerships and any and all other individuals who/which may have played any role whatsoever in contributing to [Ms. Binder's] injuries and damages . . . ." (Compl. ¶ 43.) Nowhere does it present any grounds that the potential claim is one based on federal law or to support diversity jurisdiction. Because the claim fails to establish an independent basis of original jurisdiction, I decline to

---

[2] That section empowers the district courts to exercise jurisdiction over other claims "so related to the claims in action within such original jurisdiction that they form part of the same case or controversy."

exercise jurisdiction over this claim as well.

## IV. Conclusion

For the foregoing reasons, I will grant the motion to dismiss. An appropriate Order follows.

exercise jurisdiction over this claim as well.

## IV. Conclusion

For the foregoing reasons, I will grant the motion to dismiss. An appropriate Order follows.